[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter involves an action by the plaintiff to recover monies on a promissory note executed by the defendants on January 6, 2000. The defendant Donna Matchett having filed for bankruptcy on April 25, 2001 (see affidavit-entry no. 103) will not be affected by this judgment as she had obtained a discharge of this obligation by virtue of bankruptcy proceedings.
It appears from a stipulation of facts filed by the parties on November 18, 2002 (entry no. 123) that the defendants executed a promissory note as part of a real estate transaction in the amount of $26,000 with interest which note provided for installment payments. No payments of any amount had been paid and the amount now due according to the parties is $27,484.71 as of the date of the stipulation. To this claim the defendant Servulo Gonsalves has filed a special defense that the note which he signed contained an interest rate in the event of a default of eighteen (18) percent which rate of interest is usurious on its face and contrary to Section 37-4 C.G.S. and that any action brought to enforce collection under such an instrument is precluded by Sec. 37-8 C.G.S. The resolution of this issue will determine the plaintiff's right to recovery of the amount claimed. (See p. 10 of the stipulation of facts.)
The promissory note in question bears an interest rate of 18 percent in event of default but also provided for repayment of the face value of the note, $26,000, with interest at the rate of 9 1/2 percent with successive monthly payments. The transaction which gave rise to the note was an agreement between the plaintiff and the defendants regarding the defendants' purchase of a residence owned by the plaintiff. That agreement provided, inter alia, that if the defendants sold the property the plaintiff would be entitled to 25 percent of the appreciated value. This transaction was akin to a purchase money mortgage as the court understands the nature of the transaction. Thereafter, the property was sold and the proceeds were insufficient to satisfy the "purchase money CT Page 1927 mortgage." The note in question was then executed in exchange for furnishing a release of mortgage so as to allow the sale by the defendants to a third party to proceed.
It is the defendants' claim that Section 37-4 C.G.S., which provides as follows:
 No person and no firm or corporation or agent thereof, other than a pawnbroker as provided in section 21-44, shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum.
invalidates the note in question and that Sec. 37-8 C.G.S. precludes any action brought to enforce collection on any such prohibited note. The court concludes that this transaction was not the sort of "loan of money" contemplated under the statute pertaining to usury. The note was executed as part of a real estate transaction and contained an interest rate of 9 percent. It was only in event of default that the interest rate would elevate to 18 percent and this event was preventable by payment in accordance with the terms of the note. The case of Ferrigno v. CromwellDevelopment Associates, 244 Conn. 189, 195, discusses the application of the usury statute to real estate mortgages.
It has been suggested that "late charges or charges for default have generally been seen as compensation to a lender for his extra trouble and expenses rather than a charge for the use of money." See Usury and ItsProgeny: A Survey of Interest Rate Regulation In Connecticut, William O. Kafes, 43 Conn. B.J. 220, 258, quoting from Mortgage Loans and UsuryLaws, Prather, W.C. 16 Bus. Law 181, 182.
It is the conclusion of this court that this transaction falls fairly within the provisions of Sec. 37-9 C.G.S. which excludes mortgage transactions from prohibitions imposed by Sec. 37-4 C.G.S.
The court concludes that the plaintiff is entitled to judgment in the amount agreed to, $27,484.71, plus costs and interest to date. Additionally, in the event of any action being required to enforce collection, the note provided for reimbursement of counsel fees as claimed in the complaint. An affidavit on file (entry no. 24) indicates that such fees total $7,021.75, and such amount is approved.
Judgment may enter against the defendant Servulo Gonsalves in the amount of $34,506.46 plus interest and costs. CT Page 1928
George W. Ripley
Judge Trial Referee CT Page 1929